UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MELVIN BAEZ,

               Plaintiff,

     - v -

SERGIO MAJURI,

               Defendant.
----------------------------------------------------------x

**OPINION AND ORDER**

CV-10-3038 (BMC)(VVP)

      The plaintiff in this action for damages under 42 U.S.C. § 1983 seeks my recusal from this litigation on the grounds that I have a personal bias and prejudice against him and that my impartiality might reasonably be questioned. The facts cited by the plaintiff in support of the motion center on two sets of circumstances: (1) after conducting a suppression hearing in a related criminal case against the plaintiff[1] I issued findings and recommendations adverse to his position, and (2) during a status conference in this case I made statements suggesting that I favored the defendant.

      As the Supreme Court has observed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *LoCascio v. United States*, 473 F.3d 493, 495-96 (2d Cir. 2007) (*quoting*

---

[1] The criminal case, *United States v. Melvin Baez*, 09 Cr. 74, is related to this civil litigation in that the plaintiff alleges here that his arrest in the criminal case was a false arrest and that the defendant Majuri used excessive force in effectuating the arrest.

*Liteky*, 510 U.S. at 555 (1994)); *accord, e.g., In re Holocaust Victim Assets Litigation*, Nos. 09-cv-3215, 96-cv-4849, 2010 WL 4038794, at *3 (E.D.N.Y Oct. 1, 2010). The bar for establishing that statements rise to such a level is high. "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. Moreover, "personal bias is an attitude arising from extrajudicial sources that results 'in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *In re Holocaust Victim Assets Litigation*, 2010 WL 4038794, at *3 (*quoting Grinnell Corp.*, 384 U.S. at 583.

The rulings in the criminal proceeding, which were based solely on the evidence presented at the suppression hearing, provide no basis for recusal. The plaintiff points to nothing that I said in court or in the written rulings that displays any "deep-seated favoritism or antagonism." My entire knowledge of the plaintiff and his claims comes solely from judicial proceedings conducted before me, and there is thus no basis for asserting that I have a personal bias against the plaintiff arising from extrajudicial sources.

The defendant cites, as an indication of my bias, statements I supposedly made at a conference "on or about" April 29, 2011[2] "pointing out and directing" the defendant to file a motion to dismiss the plaintiff's claims on the basis of the Supreme Court's precedent in *Heck v. Humphrey*, 512 U.S. 477 (1994). I have reviewed the tape recording of the conference, and could not locate any discussion concerning *Heck v. Humphrey*. Nevertheless, although I

---

[2]The conference was held on April 27, 2011.

doubt that I have ever issued a direction requiring the defendants to make any such motion, such a statement at most reflects an opinion by the court that such a motion would likely be successful. Such an opinion, based as it would be on the facts and circumstances occurring in proceedings before me and not on any extrajudicial source, can provide no basis for recusal absent a showing that they reflect such deep-seated antagonism to the plaintiff that would make fair judgment impossible. *LoCascio*, 473 F.3d at 495-96. Nothing in the statements attributed to me by the plaintiff rise remotely to that level, and, in any event, as any motion under *Heck v. Humphrey* would be dispositive, I would not be rendering final judgment on it.

"A judge is as much obliged *not* to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (emphasis added) (*citing In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir.), *cert. denied*, 368 U.S. 927 (1961). As no grounds for my recusal exist, the plaintiff's motion must be denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 22, 2011