FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 23 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MELVIN BAEZ,

                                Plaintiff,

- against -

SERGIO MAJURI, Badge #2396,

                                Defendant.

----------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 3038 (BMC)(VVP)

**COGAN**, District Judge.

In this *pro se* action for false arrest and excessive force under 28 U.S.C. § 1983, plaintiff has moved for the recusal of Magistrate Judge Viktor Pohorelsky and myself based on the fact that we presided over his criminal case, which resulted in his guilty plea and sentence. Plaintiff contends that we are not impartial and have personal knowledge of facts relating to his claims as a result of our prior exposure to his criminal case.

For his claim of lack of impartiality, plaintiff relies principally on the fact that we entered adverse rulings in the criminal case. He also asserts that in the instant case, Judge Pohorelsky *sua sponte* raised the issue discussed in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), concerning the limitations of §1983 relief if such relief would conflict with a criminal conviction, and that this shows bias against him. For his claim of personal knowledge of facts, he generally refers to the facts that came out in his criminal case.

The "personal knowledge" ground for recusal under 28 U.S.C. § 455(b)(1) does not refer to or include knowledge gained in parallel judicial proceedings. See United States v. Jamieson,

427 F.3d 394, 405 (6th Cir. 2005); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566-67 (9th Cir. 1995); United States v. Liteky, 973 F.2d 910, 910 (11th Cir. 1992), aff'd on related grounds, 510 U.S. 540, 114 S.Ct. 1147 (1994); In re Corrugated Container Antitrust Litig., 614 F.2d 958, 964-66 (5th Cir. 1980). Nor do adverse rulings, whether in the pending case or the related case, suffice to show bias or lack of impartiality. See Bolt v. United States, 509 F.3d 1028, 1035 (9th Cir. 2007); Hamrick v. Hoffman, 550 F. Supp. 2d 8, 12-13 (D.D.C. 2008); LoCascio v. United States, 372 F. Supp. 2d 304, 314-15 (E.D.N.Y. 2005). In addition, a judge's citation of case law adverse to a party does not indicate partiality or bias. See Lipin v. Bergquist, 574 F. Supp. 2d 423, 427 (S.D.N.Y. 2008).

Since plaintiff has shown no adequate basis for recusal, his motion [46] is denied.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
June 22, 2011