

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF

NEW YORK

Melvin Baez,
    Plaintiff

Vs.

Sergio Majuri, # 2396
    Defendant
ADDED DEFENDANTS
Mathew O'Donnell, # 6480
Michael Bennett # 5129
James Butler # 2901
Damyn Cowan, Tax # 906018

Civil No. 10-cv-3038
(BMC)(VVP)
███ Amended Complaint
(Limited to Add Defendants)

Summons and Complaint
Jury Trial Demended

███████████████ AMENDED COMPLAINT
FOR THE PURPOSE OF ADDING DEFENDANTS ONLY
WHO CONSPIRED ON THE EXCESSIVE
AND WITNESSED EXCESSIVE FORCE.

    Comes Now, Melvin Baez, in pro-se, and in accordance with the applicable Rule of Civil Procedure, Federal, and respectively Rule(s) 3, 4, and 15, hereby requests leave to Amend his complain for the sole purpose of adding Defendant and to state their capacity, and who conspired on the excessive force.

    (1) This is an amended complaint under 42 U.S.C. 1983 petition brought against five, NYC police officers in their "official and individual capacity" omitting the NYPD detectives, Alice Rodenburg, Frank Cascello and Robert Cambell, as defendants. Please take this amended complaint and ignore the first amended complaint.

Plaintiff reminds the parties and this Court, that he remains in pro-se, and as such he remains entitled to a liberal construction of his pleadings.

Plaintiff further demonstrates that the person(s) and or entity(s) did or have played a significant part in the action and violations of Civil Rights complained of by Plaintiff and therefore, this Court should and must allow leave to Amend and add defendants as requested. Wherefore plaintiff is invoking the United States Constitution (the Monell, injunctive, claims), 42 U.S.C. 1983 (The federal civil rights, Monell, and injunctive, claims), and the jurisdiction of this Court is invoked pursuant to the United States Constitution, 42 U.S.C. Section 1983, 28 U.S.C. 1331 and 1343.

2. The acts and/ or omissions complained of occurred in the Eastern District of New York, in the State of New York, and therefore venue lies in this District pursuant to U.S.C. 1391, and in the Eatern District of this District pursuant to the general orders of this Court.

## THE PARTIES

3. The plaintiff was an inhabitant of and within the United States of America at all times herein alleged. Plaintiff was subjected to unconstitutional conduct of NYPD officers and as a result of this conduct, described in further detail herein and below and via further information received by medical personel and staff, this suit is being filed. Plaintiff's Eight and Fourteenth Amendment rights were violated directly by defendants and others.

Plaintiff also was a subject of intimidation, coersion, fraudulent concealment, fraud, all perpetrated by these same defendants and also was a witness, victim, and informant with respect to crimes then being committed by NYPD officers and others.

4. The defendants are as follows; Sergio Majuri, Badge # 2396, Mathew O'Donnell, Badge # 6480, Micheal Bennett, Badge # 5129, of whom committed physical, verbal, and preplanned assault upon this defendant, are being sued in their individual, official and personal capacities, James Butler, Tax # 2901, is being sued in his official, individual, and personal capacity along with Damyn Cowan, Tax # 906018 is sued in his official and individual personal capacity.

All of the above are past or present NYPD members and are either directly, individually, or officially responsible for the occurrences which were lead to and perpetrated upon plaintiff, and or are Policy makers, supervisors, instructors, and of whom could or should have made policy for the NYPD.

Each and every person (defendant) who is a natural born person and citizen of the United States is sued in his/ her individual/ personal capacities as well as his/ her official capacity if he/ she had any policy making duties, functions, or responsibilities with respect to the matter alleged herein, and as alleged in any previously submitted complaints, subsequent filings, and present matters before this Court, and in which the capacity with respect to each defendant will be more fully set forth.

## FACTS COMMON TO ALL COUNTS

5. Each and every allegation set forth in each and every averment of this pleading is hereby incorporated by this reference in each and every other averment and allegation of these pleadings, and as fully set forth therein.

6. The plaintiff has been deprived of interests protected by the Constitution and/ or laws of the United States of America, and each and every defendant did cause, by commission or omission, such deprivations while acting under the color of law.

7. All acts and/ or omissions perpetrated by each defendant, except any defendant only in his/ her official capacity, was engaged in maliciously, callously, oppressively, wantonly, recklessly, and with diliberate indifference to the rights alledgedly violated, and with evil motive and intent, in total disregard to the rights of the plaintiff, and under the color of state law.

8. Every defendant in both his/ her individual and official capacity, knowingly, or grossly negligently, or with deliberate indifference to the rights alledgedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, precedure, or custom of permitting the occurrence of the catagories of wrongs set forth in this pleading, and/ or improperly, inadequately, with deliberate indifference to the constitution or federal rights of plaintiff, grossly negligently, with reckless disregard to constitutional or other federal rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each and everyone of them is legally responsible for all of the injuries and/ or damages of the plaintiff.

9. Decisions, to pay for, or to indemnify for, or to hold harmless for, punitve damages assessed by juries against NYPD officers all make the defendants other than the police officers liable for the police misconduct in this case.

10. Failures to investigate police misconduct and/ or to dicipline police found to have and be culpable for misconduct, inadequate investigations and/ or inadequate discipline imposed for police misconduct, and/ or failure to investigate and/ or dicipline the police defendants in this case for the alleged misconduct in prior cases and in this case, all make the defendants other than the police officers liable for the police misconduct in this case.

11. In doing the alleged wrongful things that have transpired, or in failing to do those things legally, that should have been done, all defendants acted or failed to act in deliberate indifference to plaintiff's constitutional rights.

12. Failures by all defendants with the duty, power, and responsibility to do so, as correct, reighin in, disband, to make follow the requirements of the constitution, and/ or stop the NYPD officer defendants and the immediate officers who have placed actual physical harm, and all NYPD officers participating in the act, investigation, arrest, testimony given, have done the following-enumerated things, acts, which makes all defendants liable to plaintiff: coerce guilty or no contest pleas to criminal charges from innocent persons, lying in police reports, making illegal threats to suspects, making false arrests, conducting illegal searches, making illegal seizures, using excessive force, lying under oath, suborning perjury, lying as witnesses, obstructing discovery of police criminal conduct, covering-up illegal police activity, and participating in a code-of-silence.

## THIS IS WHAT TRANSPIRED ON 1-9-09

On 1-9-09, in Brooklyn New York, while in front of the plaintiff's home arresting him for an alleged assault charge. Defendant Sergio Majuri, Michael Bennett, Mathew O'Donnell ordered the plaintiff out his home, with no warrant. Plaintiff Baez complied upon exiting his home with hands in the air, Majuri ordered plaintiff on the ground, plaintiff sat on **Stoop** and asked detectives (all three detectives) what was all this about. Majuri ordered plaintiff on ground while guns were drawn. Plaintiff got up and laid on ground when, secured and handcuffed on the ground, detective Majuri, O'Donnell and Bennett present, started kicking the plaintiff several times in his left eye, causing lost of conscious and lost of partial eye site, therein plaintiff was cuffed on the ground and posed no threat to the safety of arresting officers or others. Additionally, at no point in time plaintiff resisted arrest.

Plaintiff has remained continuously incarcerated and detained from the date of January 9th, 2009 until present as a result of the NYPD officer's unconstitutional conduct.

(Plaintiff against all defendants, under section 1983 of title 42), plaintiff realleges specifically all allegations set forth hereinabove, and by virtue thereof, all defendants are liable to plaintiff pursuant to 42 U.S.C. Section 1983 for violation of plaintiff's Eighth and Fourteenth Amendment Rights.

## STATEMENT OF THE CLAIM

## PURSUANT TO FED. R. C. P. 8(a)(2)

This amended complaint states three causes of action and violations of the constitution. The 8th and 14th Amendment of the constitution such as "excessive force" while conducting an illegal arrest. "Conspiracy to committ and conceal excessive force, aiding and abetting in the use of excessive force."

### EXCESSIVE FORCE (COUNT ONE)

Sergio Majuri, committed the excessive force, assault while plaintiff was handcuffed and secured on the ground.

### CONSPIRACY TO COMMIT EXCESSIVE FORCE (COUNT TWO)

Sergio Majuri, Mathew O'Donnell, Michael Bennett were all present, O'Donnell and Bennett conspired and failed to intervene on the assault, covering up the assault.

### CONSPIRACY TO COMMIT EXCESSIVE FORCE (COUNT THREE)

James Butler, conspired with Sergio Majuri, O'Donnell and Bennett, by "Code of Silence," forcing the mug shot technician on January 12, 2009, to not report plaintiff's excessive force by Majuri, and marking on police report dated,1-12-09 "physical appearance normal" on police report covering up assault.

-9-

## TACTIC AUTHORIZATION OF SUBORDINATE MISCONDUCT (COUNT FOUR)

Supervisor Damyn Cowan failed to reprimand the detectives on their conduct that occurred on 1-9-09, conspired, with Majuri, O'Donnell, Bennett, and Butler to not reveal the assault on plaintiff. Damyn Cowan also failed in gross negligence in managing subordinates by "failure to act," on detectives Majuri's misconduct. Additionally failed to train the detectives to not commit excessive force, when it was committed in the past by O'Donnell knowing detectives on the scene were capable on violating plaintiff's constitutional rights by "failure to act" therefore a "uncontrolled situation" occurred.

Plaintiff realleges all of the allegations set forth hereinabove, and by virtue thereof, all defendants are liable to Plaintiff for conspiracy to violate Plaintiff's Eight and Fourteenth Amendment right, pursuant to section 1983. The conspiracy consisted of the NYPD officers compiling false reports, initiating the conduct of excessive force against plaintiff, covering up the acts, failing to report the bad actions of fellow officers, not notifying anyone of the injurous nature and injuries caused on plaintiff that he may receive medical attention, threatened plaintiff not to make known, the injuries received by defendants, and of all defendants understanding and agreeing to do all of the things alleged against them in this complaint, or some of such things, in this case. who also committed the act of lying under oath, suborning perjury, lying as a witness, obstructing discovery of illegal police misconduct, using excessive force, covering up illegal police activity, participating in a code-of-silence, and agreeing and conspiring to do these things in this immediate case and controversy.

All of the actions have shown a custon of Fourth, Fifth, Eight, and Fourteenth Amendment right violations. The plaintiff remains suffering from ongoing, pervasive, irreparable harm in the form of violations of the Fourth, Fifth, Eight, and Fourteenth Amendments, and remains at risk for continued violations as a result of the illegal customs hereinabove alleged.

## REITERATING THE FACTS

All defendants mentioned violated all the above by conspiring to commit and conceal the use of excessive force, aiding and abetting in the use of excessive force by Sergio Majuri, Mathew O'Donnell, Micheal Bennett, and James Butler in violation of the 8th and 14th Amendments of the U.S. Constitution.

Reiterating the facts set forth in the first claim, the plaintiff asserts that while Sergio Majuri and Mathew O'Donnell, and Bennett had the plaintiff secured on the ground cuffed, Mathew O'Donnell, Bennett watched as plaintiff was being assaulted by defendant, Majuri. Instead of stopping the unnecessary assault, they stood there and just watched the brutal, senseless assault and battery. All three detectives misconduct and failure to intervene one another's assault and battery "failed to report it" constituting conspiracy to commit and conceal the use of excessive force. It also constitute an aiding and abetting the use of excessive force on plaintiff.

On 1-12-09, while the plaintiff was in custody being processed for an alleged assault. Detective James Butler, conspired to conceal the aforementioned assault and battery and abetting the aforementioned officer's use of excessive force by forcing and telling the technician taking the mug shots to not reveal what occurred, on 1-9-09 to not make a report of the incident.

-11-

WHEREFORE, PLAINTIFF requests relief in the terms of monetary compensation as determined by a jury of his peers, and according to proof, against each defendant, and resulting from, General Damages in the sum of $10,000,000, punitive damages against each defendant in the sum of $100,000. damages of eye phycological condition to be trebled, against each defendant.

cc to: Ryan Shaffer
Corporation Counsel
for the defendants

c/c To: U.S. Marshall

c/c To: Clerk of Court
225 Cadman Plaza
Bkly, NY 11201

Submitted on this 28 day of July, 2011

Respectfully submitted,

Pro-Se Melvin Baez

**PURSUANT TO 28 U.S.C. § 1746, UNDER PENALTY OF 18 U.S.C. § 1001**

The undersigned under penalty of perjury declares that the foregoing request and facts contained in this motion are true and correct to the best of my knowledge and recollection.

### CERTIFICATE OF SERVICE

I hereby certify that on this Friday 28, day of JULY, 2011, a true and correct copy of the within documents was mailed from the U.S. Postal Service at F.C.I. Otisville mail room to the

OFFICE OF THE CLERK OF COURT
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA
BROOKLYN, NY. 11201

&
RYAN SHAFFER
ATTORNEY FOR THE DEFENDANTS

&
U.S. MARSHALLS

RESPECTFULLY SUBMITTED

July 28th, 2011

_____
MELVIN  BAEZ, PRO SE.,
REG.#. 77082-053
F.C.I. OTISVILLE
P.O. BOX 1000
OTISVILLE, NY. 10963

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
NEW YORK

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.
★ AUG 01 2011 ★
BROOKLYN OFFICE

Melvin Baez,
    Plaintiff

Vs.

Sergio Majuri, # 2396
    Defendant

ADDED DEFENDANTS

Mathew O'Donnell, # 6480
Michael Bennett # 5129
James Butler #2901
Damyn Cowan, Tax # 906018



Civil No. 10-cv-3038
(BMC)(VVP)
Third Amended Complaint
(Limited to Add Defendants)

Summons and Complaint
Jury Trial Demanded

    Defendants listed above, you are hereby summoned and required to file with this court and serve upon Melvin Baez, addressed at F.C.I. Otisville, P.O. Box 1000, Otisville, New York, 10963, an answer to the complaint which is herein served upon you by the U.S. Marshalls Office, and within the time limits prescribed by the Federal Rules of Civil Procedure, and exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Dated this __28__ day of July, 2011.

### JURISDICTION AND VENUE

1.   The claims made herein are asserted pursuant to the United States Constitution. Wherefore this motion For Leave To Amend and Add Defendants, and the Amended Complaint be accepted and granted by this Court.

Dated this 28 day of July, 2011

Respectfully submitted,

_____
Melvin Baez, Plaintiff