FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK ★ OCT 27 2011 ★

C/M

BROOKLYN OFFICE

-------------------------------------------------- X

MELVIN BAEZ,                                    :   MEMORANDUM
                                                :   DECISION AND ORDER
                        Plaintiff,              :
                                                :   10 Civ. 3038 (BMC)(VVP)
        - against -                             :
                                                :
SERGIO MAJURI, Badge #2396,                     :
                                                :
                        Defendant.              :
                                                :
-------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, proceeding *pro se*, brings this civil rights action against defendants Sergio

Majuri, Michael Bennett, and Matthew O'Donnell for excessive force. According to plaintiff,

the defendants ordered him out of his home on January 9, 2009 and placed him in handcuffs.

After he was handcuffed, plaintiff alleges that Majuri kicked him repeatedly in the head.

Plaintiff claims that he lost consciousness during the incident and that he lost partial vision in his

left eye.

Plaintiff only named Majuri in his original complaint. He subsequently sought leave to

amend so that he could add Bennett and O'Donnell as defendants. In the same motion he also

sought to name James Butler and Damyn Cowan as defendants. In an Opinion and Order dated

September 23, 2011, Judge Pohorelsky granted plaintiff leave to add Bennett and O'Donnell as

defendants, but denied plaintiff leave to add Butler and Cowan as defendants. See Docket Entry

No. 70.

This case is currently before me on plaintiff's objections from Judge Pohorelsky's

September 23 Opinion and Order. As set forth below, I am treating Judge Pohorelsky's

September 23 Opinion and Order as his recommendations on a dispositive motion. Plaintiff's objections are overruled; I accept Judge Pohorelsky's recommendations in their entirety.

I

Plaintiff alleges that Butler conspired with Majuri, Bennett, and O'Donnell to cover-up the assault by (1) ensuring that the police technician who took plaintiff's mug shot on January 12, 2009 would not report the assault; and (2) forcing that technician to mark that plaintiff's appearance was normal on an official report. As for Cowan, plaintiff alleges that he is liable for Majuri's excessive use of force because he failed to reprimand the defendants for their respective roles in assaulting plaintiff and because he failed to properly train the defendants not to use excessive force while effectuating arrests. Plaintiff also alleges, in conclusory fashion, that O'Donnell had used excessive force in the past.

Judge Pohorelsky denied plaintiff leave to add Butler and Cowan as defendants because doing so would be futile. According to Judge Pohorelsky, any cover-up orchestrated by Butler could not have injured plaintiff because those actions occurred after the alleged assault. Moreover, Judge Pohorelsky ruled that "[t]he preparation and filing of a false police report, without more, does not create a right of action under section 1983 . . . 'even when the report is the result of an intentional conspiracy among police officers to cover up police misconduct.'"

For Cowan, Judge Pohorelsky first ruled that "the failure to file or otherwise make a report cannot give rise to [a § 1983 claim]." Similarly, he ruled that Cowan's failure to reprimand defendants for their participation in the assault had no causal connection to any injuries plaintiff suffered as a result of the assault. And because plaintiff does not have an "independent constitutional right to have [defendants] reprimanded," Cowan is not liable under §

2

1983. Finally, Judge Pohorelsky ruled that plaintiff's conclusory allegations were insufficient to make out a claim for supervisory liability.

## II

It is unclear whether plaintiff's motion to amend his complaint was dispositive or non-dispositive and therefore whether Judge Pohorelsky's Opinion and Order is subject to *de novo* review or to review under the "clearly erroneous or contrary to law" standard. See Fed. R. Civ. P. 72. "District courts in this circuit have suggested that a magistrate judge's *denial* of a motion to amend a complaint should be treated as dispositive, while a *grant* of the same motion should be treated as non-dispositive." Tyree v. Zenk, No. 05-cv-2998, 2009 U.S. Dist. LEXIS 43872, at *8-9 (E.D.N.Y. May 22, 2009). Because Judge Pohorelsky's Opinion and Order can be upheld under a *de novo* review, I do not need to determine whether the more deferential standard of review applies.

## III

Plaintiff objects to Judge Pohorelsky's decision denying him leave to add Butler as a defendant because, according to plaintiff, Butler conspired with Majuri, Bennett, and O'Donnell and is therefore liable pursuant to 42 U.S.C. § 1985(3). To properly plead a claim under § 1985(3), plaintiff must plausibly allege:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). Plaintiff does not need to allege "an explicit agreement" between the defendants to properly plead a § 1985(3) conspiracy, but he does need to allege "that the parties have a tacit understanding to carry out the prohibited

3

conduct." LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 427 (2d Cir. 1995) (internal quotation marks omitted). Moreover, "the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Thomas, 165 F.3d at 146 (internal quotation marks omitted).

There is nothing in plaintiff's proposed amended complaint or his objections to Judge Pohorelsky's Opinion and Order to suggest that Butler formed a conspiracy with the other defendants. To the contrary, as Judge Pohorelsky detailed in a prior Order, plaintiff's January 12, 2009 arrest was unrelated to plaintiff's interaction with Majuri, Bennett, and O'Donnell. See Docket Entry No. 51. Majuri, Bennett, and O'Donnell arrested plaintiff on January 9, 2009 for unlawful possession of a firearm and bulletproof vest.[1] Then, a separate group of officers arrested plaintiff on January 12, 2009 for an alleged assault. They took him to a precinct in Staten Island for processing. It was during this processing that Butler engaged in the complained of conduct. The absence of any factual allegation linking the defendants to this second arrest or suggesting that the defendants were somehow connected to Butler's alleged conduct renders futile plaintiff's proposed amended complaint naming Butler as a defendant under a theory of conspiracy liability.

Moreover, even assuming plaintiff did properly allege a conspiracy between Butler and the defendant, there are no factual allegations even remotely suggesting that the conspiracy was motivated by race or class-based invidious discrimination. Rather, plaintiff references an alleged "Code of Silence" in his proposed amended complaint. This allows me to draw a plausible inference that Butler's alleged cover-up was motivated by his desire to protect his fellow police officers; it does not, however, allow me to draw the plausible inference that Butler was

---

[1] Plaintiff subsequently pleaded guilty to being a felon in possession of a firearm in connection with a prosecution that arose from this arrest.

motivated by race or class-based invidious discrimination. Accordingly, Judge Pohorelsky properly denied plaintiff leave to amend his complaint to name Butler as a defendant.

IV

Plaintiff objects to Judge Pohorelsky's ruling that he failed to allege a claim for supervisory liability against Cowan. To properly allege a claim of supervisory liability, plaintiff must allege facts showing one of the following:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (internal quotation marks omitted)

In his proposed amended complaint, plaintiff alleged that Cowan failed to discipline the defendants for their role in the assault that forms the basis for the current lawsuit. Judge Pohorelsky correctly ruled that this allegation, even if true, would not give rise to supervisory liability because any such failure on Cowan's part necessarily occurred *after* the defendants engaged in the complained of conduct. Thus, the alleged failure did not cause the complained of constitutional violation and does not show Cowan's personal involvement in the incident.

Plaintiff also made a conclusory assertion that O'Donnell had used excessive force in the past. This bare assertion, without more, is insufficient to allege a claim for supervisory liability against Cowan. Plaintiff's allegation does not plausibly suggest that Cowan was personally involved in the constitutional violation at issue here. See id. Plaintiff does not provide any factual allegations supporting his assertion that O'Donnell used excessive force in the past. He does not allege that Cowan was aware of this prior incident, nor does he allege any facts that show Cowan had a duty to supervise or train O'Donnell. And, even assuming Cowan had such a

5

duty, plaintiff does not allege any facts plausibly showing that Cowan's failure caused plaintiff's injury. This is especially true in light of the fact that plaintiff alleges O'Donnell previously used excessive force but that it was Majuri who used excessive force against plaintiff.[2]

## CONCLUSION

Plaintiff's objections to Judge Pohorelsky's September 23 Opinion and Order are overruled. The Court accepts Judge Pohorelsky's recommendations in their entirety. The Clerk of the Court is directed to mail a copy of this Order to plaintiff *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
        October 26, 2011

---

[2] In his objections, plaintiff also claims that new information obtained in discovery shows that Cowan was aware of prior incidents of excessive force involving Majuri and that Cowan failed to act in response to those incidents. He acknowledges that this information was not included in his motion for leave to file a second amended complaint because he did not have it at the time he filed the motion. He indicates that he will be seeking leave to amend again to name the City of New York as a defendant and he will presumably include these new allegations in that motion. I leave it to Judge Pohorelsky to rule on any such motion in the first instance if and when it is made.

6