IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

Melvin Baez

Vs.

**ADDED DEFENDANTS**

Sergio Majuri, # 2396
New York City
Mathew O'Donnell, # 6480
Michael Bennett, # 5129

Civil No. 10-CV-3038
(BMC)(VVP)

Second Amended Complaint
Jury Trial Demanded

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 21 2011
BROOKLYN OFFICE

PRO SE OFFICE

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
FOR THE PURPOSE OF ADDING DEFENDANTS ONLY
WHO CONSPIRED ON THE EXCESSIVE FORCE
AND WHO WITNESSED EXCESSIVE FORCE,
AND WHO FAILED TO TAKE ACTION**

Comes now, Melvin Baez, in pro-se, and in accordance with the applicable rule of Civil Procedure, Federal, and respectively rule(s) 3, 4, and 15, hereby requests leave to Amend his complaint for the sole purpose of adding defendants and to state their capacity, and who conspired on the excessive force, and failed to take action.

(1)  This is an Amended complaint under 42 U.S.C. 1983 petition brought against three N.Y.C. Police officers and the New York City Police Department in their "official and individual capacity."

Please take this Second Amended Complaint and ignore the First Amended Complaint.

Plaintiff reminds the parties and this court, that he remains in pro-se, and as such he remains entitled to a liberal construction of his pleadings.

Plaintiff further demonstrates that the person(s) and or entity(s) did or have played a significant part in the action and violations of Civil Rights complained of by Plaintiff and therefore, this Court should and must allow leave to Amend and add defendants as requested. Wherefore plaintiff is invoking the United States Constitution (the Monell, injunctive, claims), 42 U.S.C. 1983 (The federal civil rights, Monell, and injunctive, claims), and the jurisdiction of this Court is invoked pursuant to the United States Constitution, 42 U.S.C. Section 1983, 28 U.S.C. 1331 and 1343.

2. The acts and/ or omissions complained of occurred in the Eastern District of New York, in the State of New York, and therefore venue lies in this District pursuant to U.S.C. 1391, and in the Eatern District of this District pursuant to the general orders of this Court.

## THE PARTIES

3. The plaintiff was an inhabitant of and within the United States of America at all times herein alleged. Plaintiff was subjected to unconstitutional conduct of NYPD officers and as a result of this conduct, described in further detail herein and below and via further information received by medical personel and staff, this suit is being filed. Plaintiff's Eight and Fourteenth Amendment rights were violated directly by defendants and others.

Plaintiff also was a subject of intimidation, coersion, fraudulent concealment, fraud, all perpetrated by these same defendants and also was a witness, victim, and informant with respect to crimes then being committed by NYPD officers and others.

4. The defendants are as follows; Sergio Majuri, Badge # 2396, Mathew O'Donnell, Badge # 6480, Micheal Bennett, Badge # 5129, of whom committed physical, verbal, and preplanned assault upon this defendant, are being sued in their individual, official and personal capacities,

All of the above are past or present NYPD members and are either directly, individually, or officially responsible for the occurrences which were lead to and perpetrated upon plaintiff, and or are Policy makers, supervisors, instructors, and of whom could or should have made policy for the NYPD.

Each and every person (defendant) who is a natural born person and citizen of the United States is sued in his/ her individual/ personal capacities as well as his/ her official capacity if he/ she had any policy making duties, functions, or responsibilities with respect to the matter alleged herein, and as alleged in any previously submitted complaints, subsequent filings, and present matters before this Court, and in which the capacity with respect to each defendant will be more fully set forth.

## FACTS COMMON TO ALL COUNTS

5. Each and every allegation set forth in each and every averment of this pleading is hereby incorporated by this reference in each and every other averment and allegation of these pleadings, and as fully set forth therein.

6. The plaintiff has been deprived of interests protected by the Constitution and/ or laws of the United States of America, and each and every defendant did cause, by commission or omission, such deprivations while acting under the color of law.

7. All acts and/ or omissions perpetrated by each defendant, except any defendant only in his/ her official capacity, was engaged in maliciously, callously, oppressively, wantonly, recklessly, and with diliberate indifference to the rights alledgedly violated, and with evil motive and intent, in total disregard to the rights of the plaintiff, and under the color of state law.

8. Every defendant in both his/ her individual and official capacity, knowingly, or grossly negligently, or with deliberate indifference to the rights alledgedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, precedure, or custom of permitting the occurrence of the catagories of wrongs set forth in this pleading, and/ or improperly, inadequately, with deliberate indifference to the constitution or federal rights of plaintiff, grossly negligently, with reckless disregard to constitutional or other federal rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each and everyone of them is legally responsible for all of the injuries and/ or damages of the plaintiff.

9. Decisions, to pay for, or to indemnify for, or to hold harmless for, punitve damages assessed by juries against NYPD officers all make the defendants other than the police officers liable for the police misconduct in this case.

-4-

10. Failures to investigate police misconduct and/ or to dicipline police found to have and be culpable for misconduct, inadequate investigations and/ or inadequate discipline imposed for police misconduct, and/ or failure to investigate and/ or dicipline the police defendants in this case for the alleged misconduct in prior cases and in this case, all make the defendants other than the police officers liable for the police misconduct in this case.

11. In doing the alleged wrongful things that have transpired, or in failing to do those things legally, that should have been done, all defendants acted or failed to act in deliberate indifference to plaintiff's constitutional rights.

12. Failures by all defendants with the duty, power, and responsibility to do so, as correct, reighin in, disband, to make follow the requirements of the constitution, and/ or stop the NYPD officer defendants and the immediate officers who have placed actual physical harm, and all NYPD officers participating in the act, investigation, arrest, testimony given, have done the following-enumerated things, acts, which makes all defendants liable to plaintiff: coerce guilty or no contest pleas to criminal charges from innocent persons, lying in police reports, making illegal threats to suspects, making false arrests, conducting illegal searches, making illegal seizures, using excessive force, lying under oath, suborning perjury, lying as witnesses, obstructing discovery of police criminal conduct, covering-up illegal police activity, and participating in a code-of-silence.

## THIS IS WHAT TRANSPIRED ON 1-9-09

On 1-9-09, in Brooklyn New York, while in front of the plaintiff's home arresting him for an alleged assault charge. Defendant Sergio Majuri, Michael Bennett, Mathew O'Donnell ordered the plaintiff out his home, with no warrant. Plaintiff Baez complied upon exiting his home with hands in the air, Majuri ordered plaintiff on the ground, plaintiff sat on Stoop and asked detectives (all three detectives) what was all this about. Majuri ordered plaintiff on ground while guns were drawn. Plaintiff got up and laid on ground when, secured and handcuffed on the ground, detective Majuri, O'Donnell and Bennett present, started kicking the plaintiff several times in his left eye, causing lost of conscious and lost of partial eye site, therein plaintiff was cuffed on the ground and posed no threat to the safety of arresting officers or others. Additionally, at no point in time plaintiff resisted arrest.

Plaintiff has remained continuously incarcerated and detained from the date of January 9th, 2009 until present as a result of the NYPD officer's unconstitutional conduct.

(Plaintiff against all defendants, under section 1983 of title 42), plaintiff realleges specifically all allegations set forth hereinabove, and by virtue thereof, all defendants are liable to plaintiff pursuant to 42 U.S.C. Section 1983 for violation of plaintiff's Eighth and Fourteenth Amendment Rights.

## STATEMENT OF THE CLAIM
## PURSUANT TO FED. R.C.P. 8(a)(2)

This amended complaint states four causes of action and violations of the constitution. The 8th and 14th Amendment of the Constitution such as "excessive force" while conducting an illegal arrest. "Conspiracy to commit and conceal excessive force, the city's failure to take action, police Department's failure to monitor the detectives on open allegations concerning "excessive force."

### EXCESSIVE FORCE (COUNT ONE)

Sergio Majuri, committed the excessive force, assault while plaintiff was handcuffed and secured on the ground.

### CONSPIRACY TO COMMIT
### EXCESSIVE FORCE (COUNT TWO)

Sergio Majuri, Mathew O'Donnell, Michael Bennett were all present, O'Donnell and Bennett conspired and failed to intervene on the assault, covering up the assault.

### (COUNT 3)

### (The city of New York)

The city "purposely ignored my violation and of my constitutional rights. They failed to act; Majuri and O'Donnell

-7-

had been the subject of numerous complaints by plaintiff and civilians. The city did not act on plaintiff's excessive force, when police reports and under oath testimony shows cover up. City ignored my complaint finding, "Unfounded." Police mug shots shows excessive force, city failed to act.

Detectives committed perjury before the city, the city ignored it and set the stage finding the investigation unfounded. Also city ignored, open allegations on Majuri, and substanted against O'Donnell. Therefore, excessive force occurred on 1-09-09, violating the plaintiff constitutional rights constituting deliberate indifference by the city by not monitering or sanctioning Majuri on excessive force.

### (POLICE DEPT.)   (COUNT 4)

The use of excessive force violated my right to due process and in light of Majuri's and O'Donnell's history of abuse conduct, the departments failure to monitor Majuri and O'Donnell constituted deliberate indifference to the plaintiff's due process rights by failing to take action, therefore "excessive force" occurred on 1-09-09.

Plaintiff realleges all of the allegations set forth hereinabove and by virtue thereof, all defendants are liable to plaintiff for conspiracy to violate Plaintiff's Eight and Fourteenth Amendment right, pursuant to section 1983. The conspiracy consisted of the NYPD officers compiling false reports, initiating the conduct of excessive force against plaintiff, covering up the acts, failing to report the bad actions of fellow officers, not notifying anyone of the injurous nature and injuries caused on plaintiff that he may receive medical attention, threatened plaintiff not to make known the injuries received by defendants, and of all defendants understanding and

-8-

agreeing to do all of the things alleged against them in this complaint, or some of such things, in this case, who also committed the act of lying under oath, suborning perjury, lying as a witness, obstructing discovery of illegal police misconduct, using excessive force, covering up illegal police activity, participating in a code-of-silence, and agreeing and conspiring to do these things in this immediate case and controversy.

All of the actions have shown a custom of Fourth, Fifth, Eight, and Fourteenth Amendment right violations. The plaintiff remains suffering from ongoing, pervasive, irreparable harm in the form of violations of the Fourth, Fifth, Eight, and Fourteenth Amendments, and remains at risk for continued violations as a result of the illegal custom hereinabove alleged.

### REITERATING THE FACTS

All defendants mentioned violated all the above by conspiring to commit and conceal the use of excessive force, aiding and abetting in the use of excessive force by Sergio Majuri, Mathew O'Donnell, Michael Bennett, violation of the 8th and 14th Amendments of the U.S. Constitution.

Reiterating the facts set forth in the first claim, the plaintiff asserts that while Sergio Majuri and Mathew O'Donnell, and Bennett had the plaintiff secured on the ground cuffed,

-9-

Mathew O'Donnell, Bennett watched as plaintiff was being assaulted by defendant, Majuri. Instead of stopping the unnecessary assault, they stood there and just watched the brutal, senseless assault and battery. All three detectives misconduct and failure to intervene one another's assault and battery "failed to report it" constituting conspiracy to commit and conceal the use of excessive force. It also constitute an aiding and abetting the use of excessive force on plaintiff.

## CONCLUSION

Wherefore, plaintiff requests relief in the terms of monetary compensation as determined by a jury of his peers, and according to proof, against each defendant, and resulting from, General Damages in the sum of $10,000000., punitive damages against each defendant in the sum of $100,000, damages of lost of partial eye sight and psychological differences, condition to be trebled, against each defendant.

cc:
To:
Ryan Shaffer
Corporate Counsel
for the defendants

Respectfully submitted,

*Melvin Baez*

Melvin Baez, Pro-se

cc:  To: U.S. Marshall

cc:  To: Clark of Court
225 Cadman Plaza
Brooklyn, New York 11201

Submitted on this 15th day of November, 2011.

## CERTIFICATE OF SERVICE

I, plaintiff in pro-se certify that a second amended complaint was sent prepard/postage mail on the 15th day of Nov, to the following:

d/c clerk of court
clerks office
225 Cadman plza
Bklyn N.Y. 11201

d/c Ryan Shaffer
Corporation cansel
100 church st
New york, NY 10007

under 28 U.S.C. 1746
puint penlty of
perjury

_____
Melvin Baez, plaintiff pro-se

d/c



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

ORIGINAL

Melvin Baez,
    Plaintiff

Vs.

ADDED DEFENDANTS

NEW YORK CITY
SERGIO MAJURI, # 2396
MATHEW O'DONNELL # 6480
MICHAEL BENNETT # 5129

Civil No. 10-cv-3038
(BMC)(VVP)
Second Amended Complaint
(Limited To Add Defendants)

Jury trial demanded

    **Now comes the plaintiff** in the above referenced matter, hereby moves the Honorable Court, for the Eastern District, for leave to amend complaint upon newly handed over reports from defendants, more fully explained herein.

### JURISDICTION AND VENUE

1) The claims made herein are asserted pursuant to the United States Constitution. Wherefore this motion for leave to amend and add defendants and the amended complaint be accepted and granted by this Honorable Court.

__15th__ day of November

                              Respectfull submitted,

                              Melvin Baez, Plaintiff Pro-se