C/M

UNITED STATES DISTRICT COURT            SEE ENDORSED ORDER LAST PAGE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MELVIN BAEZ,

                Plaintiff,            **REPORT AND**
                                                      **RECOMMENDATION**
      - v -

                                                      CV-10-3038 (BMC)(VVP)

SERGIO MAJURI, et al.,

                Defendants.
-------------------------------------------------------------x

      The defendants have moved to dismiss the plaintiff's complaint for failure to prosecute based on his repeated failures to appear for an examination by the defendant's medical expert. See Letter, July 10, 2013 [DE 145]. Despite being given an opportunity to do so, as explained further below, the plaintiff has not responded to the defendants' motion.

      The motion has considerable support in the record. The defendants have sought to have the plaintiff examined by an ophthalmologist since September of last year. See Minute Entry, Sep. 6, 2012, ¶ 4. He was first scheduled to be examined on November 28, 2012, but failed to report to the doctor's office that day. Letter, Dec. 10, 2012 [DE 131]. When advised of that failure at a conference held on November 30, 2012, the court entered an order requiring the plaintiff to contact the doctor's office to make an appointment within 10 days and warned the plaintiff that a failure to do so would result in an order precluding him from offering evidence by his opthalmologist at trial. Minute Entry, Nov. 30, 2012, ¶ 2 [DE 130]. Although the plaintiff made an appointment for the examination, he failed to appear on the scheduled date, and gave no notice to either the doctor or the defendants' counsel that he would not be appearing. Letter, Dec. 10, 2012 [DE 131]. As a result the defendants promptly filed a motion to dismiss for failure to prosecute. *Id*.

      The motion was denied in part and deferred in part, pending the next conference. See Order, Jan. 15, 2013 [DE 136]. At the next conference, after hearing the plaintiff's explanation for his failure to attend the examination, the court entered another order directing the plaintiff to schedule an examination and warning this time that a failure to attend the examination would serve as grounds for dismissal of the action for failure to abide by a court order concerning discovery. Minute Entry, Feb. 1, 2013, ¶ 2 [DE 137]. This time

the plaintiff both scheduled and attended an examination by the defendants' opthalmologist. Unfortunately, the examination could not be completed because dilation of the plaintiff's pupils was required, which would have rendered the plaintiff unable to drive home. Accordingly, the plaintiff agreed to reschedule the completion of his examination. Minute Entry, Apr. 22, 2013, ¶ 1 [DE 139].

The plaintiff still has not done so. The examination was first scheduled to be held on May 20, but the plaintiff again failed to appear for that examination, marking the third time he had failed to appear for a scheduled examination. Nevertheless, the court afforded the plaintiff yet another opportunity to schedule the examination but set a deadline of 30 days for the examination to be held, and added the warning that if the plaintiff failed to appear for the examination the case would be dismissed for failure to prosecute. Minute Entry, June 12, 2013, ¶ 1 [DE 144]. Although the plaintiff apparently scheduled an examination for June 24, 2013, he again failed to appear for the examination, prompting the defendants to file the instant motion to dismiss. Nor did the plaintiff appear in court in response to an order to show cause requiring him to appear on July 24, 2013 to explain his failure to comply with the court's order that he appear for an examination.[1] Order, July 11, 2013 [DE 146]. As with the court's prior orders requiring the plaintiff to appear for an examination, the order to show cause warned that a failure to appear in response to the order would result in a recommendation that his action be dismissed. *Id.*

The court is mindful that dismissal of an action for discovery violations is a harsh remedy to be used only in extreme situations. *See, e.g., Simmons II v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995) (citing *Thielman v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Although the imposition of sanctions lies within the sound discretion of the court, *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994), dismissal requires a showing of willfulness, bad faith, or fault by the sanctioned party. *West v. Goodyear Tire & Rubber Co.*, 167

---

[1] The court is advised by the defendants' counsel that earlier in the day on July 24, the plaintiff called his office to say he was working and therefore would not appear. The plaintiff made no effort to seek an adjournment from the court in advance of the hearing date, nor did he contact chambers in any other way prior (or subsequent) to the hearing.

F.3d 776, 779 (2d Cir. 1999). Moreover, dismissal should be imposed only after consideration of alternative, lesser sanctions. *Id.* at 779-80. Dismissal may not be imposed unless the party, especially a pro se litigant, has been specifically warned that violation of the court's order could lead to dismissal. *See, e.g., Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990); *Simmons II*, 49 F.3d at 88.

The court is puzzled by the plaintiff's continued refusal to complete the required examination. He has pursued this action, vigorously, and upon completion of the examination the case would be ready for the trial the plaintiff has repeatedly said he desperately wants. Nevertheless, the plaintiff's conduct warrants dismissal. His repeated failures over an eight-month period to complete the examination, despite court orders that he do so, certainly displays the requisite wilfulness. His refusal to appear in court when given the opportunity to provide an explanation for his failure to complete the examination is further proof of bad faith and contempt for the court's orders. He has been specifically warned on multiple occasions of the potential, indeed the likelihood, that his failure to comply with the court's order could lead to dismissal. The plaintiff has been unmoved.

The court has considered whether, as an alternative, an order precluding the plaintiff from offering any evidence concerning any damage to his vision would suffice to remedy the prejudice the defendants might suffer because of the plaintiff's failure to submit to a complete examination by the defendant's ophthalmological expert. The defendants argue, however, that the examination might provide evidence beyond whether the plaintiff suffered any damage to his vision. Specifically, they contend that, according to their expert, the examination could provide a basis for the expert to provide an opinion on whether the assault, as it has been described by the plaintiff, could have occurred at all.[2] Thus, they argue, a preclusion of evidence that merely addresses the question of damages is not sufficient to redress their inability to acquire evidence on the issue of liability. Although at this point, it is impossible to know whether the examination would yield such evidence, the court agrees

---

[2]The plaintiff alleges that he was kicked in the eye by the defendant Majuri while he was laying on the ground following his arrest.

-3-

with the defendants that they should not be disadvantaged by the plaintiff's bad faith conduct that deprives them of the opportunity to obtain evidence that might disprove the plaintiff's contentions concerning the alleged assault.

Accordingly, for the foregoing reasons, I recommend that the defendants' motion to dismiss the plaintiff's complaint for his repeated violations of the court's orders be granted.

\*         \*         \*         \*         \*         \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully recommended,

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 29, 2013

```
No objection to this Report and Recommendation has been received.  I concur
with Judge Pohorelsky's recommendation that the circumstances here warrant
dismissal, and therefore adopt the Report and Recommendation as the Order of
this Court.  Case is dismissed.
SO ORDERED: 8/16/13
```

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

-4-